UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MITCHELL P. COOK                                 CIVIL ACTION

VERSUS                                           NO. 07-8675,
                                                     07-9226

TERRY TERRELL, WARDEN                            SECTION "R"(1)

**This Order applies to Civil Action Nos. 07-8675 and 07-9226.**

                           <u>ORDER AND REASONS</u>

    This matter is before the Court to determine whether a certificate of appealability should be issued on petitioner Mitchell P. Cook's habeas claims under 28 U.S.C. § 2253 and Federal Rule of Appellate Procedure 22(b).  For the following reasons the Court DENIES Cook's motions.


**I.   PROCEDURAL BACKGROUND**

    Petitioner, Mitchell P. Cook, is a state prisoner incarcerated at the Louisiana State Penitentiary, Allen Correctional Center, in Kinder, Louisiana.  On March, 11, 1997, he pleaded guilty to one count of driving while intoxicated,

second offense, and was sentenced to six months in the parish jail.  However, his sentenced was suspended and he was placed on supervised probation for two years. On the same day, Cook pleaded guilty to driving on a suspended license and was fined $150.00.  On February 13, 1998, his probation was revoked and he was ordered to serve his six-month sentence.

On or after August 31, 2006, Cook filed with the state district court an application for post-conviction relief with respect to the 1997 convictions.  On September 13, 2006, his application was denied as untimely.  Related writ applications were denied by the Louisiana First Circuit Court of Appeal on November 29, 2006, and the Louisiana Supreme Court on October 5, 2007.

On July 20, 2004, Cook was convicted of driving while intoxicated, fourth offense, in violation of Louisiana law.  On August 10, 2004, the state court sentenced Cook to a term of fifteen years imprisonment.  The court then suspended all but sixty days of that sentence and ordered Cook to pay a $5,000.00 fine.  On December 10, 2004, the state revoked Cook's probation, and ordered him to serve his original fifteen-year sentence.  On September 23, 2005, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.

After unsuccessfully seeking post-conviction relief in the

state courts, Cook filed his federal habeas petitions on October 23, 2007.  Regarding his 1997 convictions, Cook alleged that his counsel had not properly advised him of his rights when he pleaded guilty.  With respect to his 2004 conviction, he alleged four grounds for relief: (1) that he was not afforded a fair trial; (2) his prior convictions were not properly certified; (3) his prior conviction for driving while intoxicated, second offense, was unconstitutional; and (4) the State Trooper prepared two conflicting reports regarding the incident.

   This Court adopted both of the Magistrate Judge's Reports and Recommendations and dismissed both habeas petitions with prejudice on March 31, 2008.  The Court dismissed Cook's petition concerning his 1997 convictions because it was untimely and because Cook was no longer "in custody" with respect to those convictions.  Furthermore, this Court dismissed his habeas petition for his 2004 conviction because his four claims were without merit.  First, he did not receive an unfair trial because the prosecutor was under no obligation to use information collected or conclusions reached in the private insurance investigation as part of the state's case.  Second, there were no defects with respect to the underlying evidence of the predicate conviction because he had stipulated that the evidence was true.  Third, his 1997 conviction is no longer open to direct or

collateral attack because his sentence for that conviction has fully expired, and the limitations period for any attack has expired.  Finally, petitioner had not asserted how the two police reports conflicted, and the Court found no significant difference between the reports.  Petitioner now moves for a certificate of appealability.

## II.  DISCUSSION

The Court may not issue a certificate of appealability here because Cook has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).  In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003).

Cook raises nothing new in his motions.  Having reviewed its March 31, 2008 Order adopting both of the Magistrate Judge's Reports and Recommendations and dismissing petitioner's claims,

the Court concludes that the record does not establish that reasonable jurists could debate the Court's resolution of the issues.  Accordingly, the Court finds that certificates of appealability should not issue in Civil Actions 07-8675 and 07-9226.

      New Orleans, Louisiana, this __5th__ day of June, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE